IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KEVIN J. ISLES,**

                **Petitioner,**

        **v.**                                      CASE NO.  08-3028-RDR

**CLAUDE CHESTER,
Warden, et al.,**

                **Respondents.**

## O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2241, was filed by an inmate of the Federal Prison Camp, Leavenworth, Kansas. Petitioner pled guilty and was convicted in 2002 of conspiracy to manufacture and distribute methamphetamine in the United States District Court for the Western District of Missouri.  He was sentenced to 140 months imprisonment followed by 4 years of supervised release.  The court imposed the federal sentence to run concurrent to a three-year term he was already serving in Jasper County, Missouri, for violation of probation.

As grounds for this Petition, Mr. Isles claims that in computing his sentence, the Bureau of Prisons (BOP) is not complying with the sentencing court's Judgment of Commitment.  In support, he alleges the sentencing judge intended, ordered, and was authorized by federal law to order, that he receive credit for the amount of time served prior to sentencing and that the BOP "adjust his sentence downward pursuant to either 18 U.S.C. § 3584(a) or U.S.S.G. § 5G1.3(c) for time served on a preexisting State sentence and to

make that adjustment binding on the Bureau of Prisons as part of Petitioner Isles' final sentence."

Petitioner asserts that the issue in this case is what the sentencing judge intended in his sentencing order.  He alleges the federal court imposed his federal sentence to run concurrently with a three year state sentence, and granted him 11 months credit for time served prior to his federal sentencing.  He claims he was in federal custody from September 30, 2001, to August 27, 2002, and seeks credit (340 days) for that period of time.  He complains the BOP used the date of his federal sentencing, August 27, 2002, as his sentence begins date instead.

Mr. Isles alleges he has exhausted BOP administrative remedies, and was denied relief on the basis that he was denied jail credit because that time was credited toward his state sentence.  The response to his BP-11 included that the credit he requests is for "time spent in federal custody pursuant to a 'habeas corpus'," when he was "'borrowed' from the primary custody of the state;" and that he is not entitled to credit after his state probation violator term commenced on September 7, 2001.

Petitioner has recently submitted the filing fee for this action.  The court finds a responsive pleading is required.

**IT IS THEREFORE ORDERED** that respondent herein is hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted and the prisoner released from custody; that the petitioner is hereby granted ten (10) days after receipt by him of a copy of the respondents' answer and return

to file a traverse thereto, admitting or denying under oath all factual allegations therein contained; and that the file then be returned to the undersigned judge for such further action as may be appropriate.

**IT IS FURTHER ORDERED** that petitioner shall serve upon the United States Attorney for the District of Kansas a copy of every further pleading or other document submitted for consideration by this court, and that petitioner's pleadings must contain a certificate of service indicating the date a true and exact copy was mailed to the United States Attorney.  Any material submitted for filing which does not include a certificate of service will not be accepted by the court.

**IT IS SO ORDERED.**

DATED:  This 12th day of February, 2008, at Topeka, Kansas.


**s/RICHARD D. ROGERS**
**United States District Judge**