IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN J. ISLES,

                Petitioner,

       v.                        CASE NO.  08-3028-RDR

CLAUDE CHESTER,
Warden, et al.,

                Respondents.

## MEMORANDUM AND ORDER

This petition for writ of habeas corpus, 28 U.S.C. § 2241, was filed by an inmate of the Federal Prison Camp, Leavenworth, Kansas. Mr. Isles challenges execution of his federal sentence by the Bureau of Prisons (BOP), claiming they have not provided retroactive sentence credit awarded by the judge at sentencing. Respondents have filed an Answer and Return, and petitioner has filed a Traverse. The parties agree that petitioner has exhausted prison administrative remedies. Having considered all materials filed, the court finds petitioner fails to state facts entitling him to relief under 28 U.S.C. § 2241.

## RELEVANT FACTS AND PROCEDURAL HISTORY

The record presented by the parties herein indicates the following relevant facts. On January 15, 1999, Mr. Isles was sentenced to a three-year term by the State of Missouri for possession of methamphetamine. The court suspended execution of the sentence and placed petitioner on probation for 5 years.

On February 23, 2001, Isles committed federal offenses that were unrelated to his prior state conviction. On June 12, 2001, he

was arrested on the federal charges and released on bond on June 25, 2001.  He eventually received "prior custody credit" toward his federal sentence from June 12 to June 25, 2001.

On September 7, 2001, Isles was arrested for violating his state probation and placed in the Jasper County Jail in Missouri. His probation was revoked for violations of conditions including "laws, drugs."  His three-year suspended sentence was ordered executed.  He was transferred to a Missouri correctional facility to serve his state sentence.  Respondents' exhibits indicate, and petitioner does not refute, that he received credit against his state sentence from the time he was taken into custody on the probation violation until he was paroled from the state sentence.

On September 30, 2001, petitioner was "borrowed" by United States Marshals pursuant to a writ of habeas corpus ad prosequendum for prosecution on his federal charges[1].  He was transported to the United States District Court in Kansas City, Missouri, and served with the federal indictment.  Later that day he was placed in the Osceola County Jail in Missouri, where he remained for about six months.  Thereafter, he was transferred to the Federal Medical Center in Rochester[2], Minnesota, where he remained for about five

---

[1]      At the time petitioner was transported and held by U.S. Marshals for federal prosecution he was in the primary custody of the State of Missouri.  As respondent's exhibits allege and show:

      This primary jurisdiction was evidence(d) by the state of Missouri's initial arrest and conviction dates, the issuance of the federal writ of habeas corpus ad prosequendum, and the return of the petitioner to the state of Missouri subsequent to his federal sentence being imposed.

A&R (Doc. 7-2) at 28.

[2]      At sentencing, defense counsel mentioned that sentencing "was reset once or twice" because Isles "was in Minnesota in a federal facility to receive medical care."

months.   He was then transferred to the Greene County Jail in Springfield, Missouri, and was there for over a month for sentencing on his federal convictions.  A&R (Doc. 7-2) at 15.  On August 27, 2002, Mr. Isles was sentenced in the Western District of Missouri upon his federal conviction of Conspiracy to Manufacture and Distribute Methamphetamine.  The parties have provided portions of the transcript of petitioner's federal sentencing.  See e.g., Appendix of Petitioner (Doc. 3), Exhib. C.  At sentencing, Judge Wright first inquired whether there were any corrections to the Presentence Report.  In response, defense counsel Mr. Van Arkel questioned the assessment of three points toward Isles' criminal history score for the sentence he was "currently serving . . . out of Jasper County in the Missouri Department of Corrections," claiming the state court was without jurisdiction to revoke his probation without him present.  Id. at 2-3.  The following exchange occurred:

THE COURT:  Mr. Isles, how would they put you in jail if they didn't revoke your probation?  Did they put you in jail?

MR. ISLES:  Yes, sir.

THE COURT:  How'd that happen?

MR. ISLES:  September 12th, I believe I went into custody. . .

THE COURT:  Well, the record shows that you were present with your attorney.

MR. ISLES:  I don't recall.

THE COURT:  Well, I pretty much have to go along with the record.  The record shows you were present in prison and with your attorney.  And they put you in jail, didn't they?

MR. ISLES:  Yes, I was incarcerated.

THE COURT:  Well, I'm going to overrule that.  Anything else?

MR. VAN ARKEL:  No, your Honor.

THE COURT:  Well, Mr. Isles, I think it was indicated you'd be given an opportunity to make any statements you wanted to make in mitigation of punishment.  So, I'll first hear from your attorney.  Then if you have anything you'd like to add to that, you may do so.

MR. VAN ARKEL:  Thank you, Your Honor.  After Mr. Isles was arrested, he more or less came clean with the officers.  He talked with law enforcement officers about his problem he had with narcotics.  He is very motivated to turn his life around.  He would like the Court to order that he participate in the long-term 500-hour drug treatment program.  Since he's incarcerated this most recent time, spent these months in jail, he's cleaned his system up, and I think he's clear headed and now he knows the direction that he wants his life to go.  Since he's been incarcerated, he's also been put on medication for depression. . . .  He does have a medical condition.  This sentencing was reset once or twice because he was in Minnesota in a federal facility to receive medical care.  He is still scheduled for surgery or is anticipating to sometime have surgery, and that's been an ongoing problem for him.  So, he does need medical care once he's in the custody of the federal prison.

THE COURT:  How long has (he) been in custody on this charge?

MR. VAN ARKEL:  He was taken into custody in September, and so, it's been almost 12 months, not quite.

THE COURT:  You get credit for that time.  Was it during that time that you were – were you in Rochester or?

MR. ISLES:  Yes.

THE COURT:  For medical treatment?

MR. ISLES:  Six months I was incarcerated at Osceola.  And then I was at Rochester for five months.  And I've been in Greene County for a month, over a month.

THE COURT:  Now, are you in Greene County on a state charge?

MR. ISLES:  I have – no, I'm waiting to get sentenced here.

THE COURT:  Yeah.

MR. ISLES:  And I had a state, I was at the state or state in St. Joe when I was incarcerated.

MR. VAN ARKEL:  Your Honor, the docket does reflect this.  It's Jasper County that his probation has been revoked, and he's serving a three year sentence.  We would ask that the Court grant that federal sentence be concurrent with the state.

THE COURT:  I will do that.  Okay.  Well, do you have anything else you'd like to say, Mr. Isles?

* * *

4

THE COURT:  Okay.  Well, if there's nothing further, it'll be the judgment of the Court that the defendant be – the guidelines are 140 to 175.  I'm going to sentence you to the low end of the guidelines.  So, it'll be the judgment of the Court that the defendant be sentenced to the Bureau of Prisons for a term of 140 months on Count One.  And I'm going to run this sentence concurrent with any sentence that the defendant would be serving under Case No. CR598-2278FX, Jasper County Circuit Court.  Then there will be supervised release for four years. . . .

Id. pgs 2 - 7.  The Judgment in a Criminal Case signed by Judge Wright on August 28, 2002, is attached to respondent's Answer and Return (Doc. 7-2 at 42) and pertinently provides:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 140 months on Ct 1 to run concurrent with the sentence the defendant is serving in case no. CR598-2278-FX, Jasper County Circuit Court.

On September 3, 2002, Mr. Isles was returned to the State of Missouri to complete service of his state probation violator term. The BOP effectuated the federal sentencing judge's intent to run petitioner's sentences concurrently by "designating the petitioner to the Missouri Department of Correction for service of his federal sentence[3]."  They also lodged a federal detainer with the Missouri authorities.  Petitioner has received continuous credit toward his federal sentence since it was imposed on August 27, 2002.  On April 25, 2003, Mr. Isles was paroled from his Missouri sentence, and relinquished to federal custody pursuant to the federal detainer. On May 23, 2003, he arrived at the USPL to serve the remainder of his federal sentence.


**PROPER RESPONDENT, CLAIMS AND JURISDICTION**

---

[3]    See 18 U.S.C. § 3621(b); BOP Program Statement ("PS") 5160.05 (providing for nunc pro tunc designation of federal prisoner to non-federal facility to allow concurrent service of federal and state sentences.).

Petitioner brings this action as a § 2241 petition challenging the execution of his federal sentence by the BOP.  The court agrees with respondent that petitioner's custodian, Warden Chester, is the only proper respondent.  The court rejects respondent's argument that petitioner's claims herein must be raised in the sentencing court by motion under 28 U.S.C. § 2255[4].  Mr. Isles claims he is entitled to additional credit toward his federal sentence for time in custody from September 30, 2001[5], to the date of his federal sentencing on August 27, 2002.  He argues that the federal sentencing judge had the authority to grant him credit for this time period, and intentionally exercised that authority by stating during sentencing that Isles would receive such credit.  He claims that the BOP has failed to give proper effect to the oral pronouncement of the sentencing judge regarding this presentence credit[6], and has thus incorrectly calculated his sentence credit.  A district court may review the BOP's determinations of sentence commencement date and sentence credit under § 2241.  See Bennett v. U.S. Parole Com'n, 83 F.3d 324, 327 (10th cir.), cert. denied, 518 U.S. 1012 (1996); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); see also, U.S. v. Eccleston, 521 F.3d 1249, 1253 (10th Cir. 2008)(Whether a federal

---

[4]    A § 2255 motion filed now by Mr. Isles would probably be time-barred. He was sentenced in federal court in 2002, and apparently did not appeal.  Section 2255 contains a one-year period of limitations, with the period to run usually from "the date on which the judgment of conviction becomes final."  The Petition herein was executed in 2008, over five years after petitioner's conviction and sentence were "final."

[5]    This is the date he was "borrowed" by federal authorities.

[6]    Isles does not argue that Judge Wright uttered an illegal sentence; and this court has no reason to construe petitioner's claim differently than presented.  His only remedy would be a § 2255 motion in the sentencing court if he were claiming that the judge orally awarded certain credit but failed to take steps necessary to effectuate that ruling, or sentenced him without awarding retroactive credit to which he was legally entitled.

sentence has been properly executed is the "province of § 2241," rather than 2255, proceedings.), cert. denied, 129 S.Ct. 430 (Oct. 14, 2008).  To prevail in this action, Mr. Isles must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C § 2241(c)(3).

## DISCUSSION

The responsibility to calculate a federal prisoner's period of incarceration for the sentence imposed, and to provide credit for time served, is assigned to the Attorney General, who exercises it through the BOP.  18 U.S.C. § 3585; Azure v. Gallegos, 97 Fed.Appx. 240, 244 (10th Cir. 2004)(The sentencing court had "no control over how the BOP interpreted and calculated appellant's sentence, as the BOP, not the sentencing court, calculates a prisoner's credit for time served.")(citing United States v. Wilson, 503 U.S. 329, 331-35 (1992); Bennett, 83 F.3d at 328).  "Title 18 U.S.C. § 3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in 'official detention' before the sentence began." Reno v. Koray, 515 U.S. 50, 55 (1995).  Federal sentence computation is a two-step process.  First, under § 3585(a), the commencement date of the federal sentence must be determined.  Weekes v. Fleming, 301 F.3d 1175, 1179 (10th Cir. 2002)(The "first task is to determine when [the petitioner's] federal sentence actually commenced.").  Second, pursuant to § 3585(b), a separate determination is made of the credit to which a defendant is entitled for time spent in custody prior to the date of his federal sentencing.

Under § 3585(a), a sentence is deemed to commence on the date

the defendant is received in custody to begin service of his federal sentence[7].  See Binford v. U.S., 436 F.3d 1252, 1254-55 (10th Cir. 2006)(A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose.); BOP Program Statement (PS) 5880.28[8], Chapt. 1.3  ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."); DeMartino v. Thompson, 1997 WL 362260 at *2 (10th Cir. July 1, 1997)("Logically, a [federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.").  The BOP found petitioner's sentence commenced on the earliest possible date, that of imposition.

Petitioner is not entitled to credit for time served prior to August 27, 2002, as "prior custody credit" under 18 U.S.C. § 3585(b).  That statute provides:

> (b) Credit for prior custody.  -A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> That has not been credited against another sentence.

---

[7]    Section 3585(a) provides: "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  P.S. 5880.28(b) pertinently provides that "the sentence commences on the date of imposition, even if a state sentence is running along concurrently."  A&R (Doc. 7-2) at 51.

[8]    A Program Statement is an "internal agency guideline", which is "akin to 'an interpretive rule'."  See Reno, 515 U.S. at 61.  Where the BOP's interpretation is a "permissible construction of the statute," it is entitled to "some deference." Id.

18 U.S.C. § 3585(b).  The last clause of § 3585(b) prohibits double sentencing credit.  <u>Wilson</u>, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time.").   In this case, the time Isles served prior to his sentencing on August 27, 2002, was credited against his Missouri sentences.   Therefore, the BOP was statutorily precluded from granting him prior custody credit toward his federal sentence for that time.

To the extent petitioner contends that his federal sentence commenced on the date federal authorities "borrowed" him from state custody via a writ of habeas corpus ad prosequendum (July 3, 2002), that argument has been repeatedly rejected.  See <u>e.g.</u>, <u>Azure</u>, 97 Fed.Appx. at 244 (time spent in federal holding facility was pursuant to a Writ of Habeas Corpus Ad Prosequendum, so prisoner was still in state custody, and time could not be credited to both sentences, citing § 3585(b)); <u>Cathcart v. U.S. Bureau of Prisons</u>, 2000 WL 554547, at *2 (10th Cir. May 4, 2000)(§ 3585(b) prohibited petitioner from receiving credit for time served in federal custody where that time had been credited to his state sentence); <u>Torres v. Brooks</u>, 2000 WL 158963 (10th Cir. Feb. 15, 2000)(petitioner not entitled to credit for time spent in state custody prior to commencement of his federal sentence notwithstanding statement by federal sentencing judge that petitioner should be credited for those days; § 3585(b) prohibits such double credit).  Here, the parties agree that Isles received credit toward his Missouri state sentences for all time he was in federal detention pursuant to a writ of habeas corpus ad prosequendum.  In his Traverse, petitioner acknowledges this was not time "in federal custody" under the

relevant federal statutes, since he was held on an ad prosequendum writ, returned to state custody, and received state sentence credit.

Federal judges unquestionably have the authority to impose a federal sentence to run concurrent to an undischarged term of imprisonment, 18 U.S.C. § 3584(a), and that authority was exercised in this case.  To the extent petitioner is contending, however, that "concurrent" meant his federal sentence commenced prior to the date he was sentenced in federal court, that argument is rejected. Concurrent sentences normally mean that the sentence being imposed will run concurrently with the undischarged portion of a previously imposed sentence.  <u>Azure</u>, 97 Fed.Appx. at 244; <u>DeMartino</u>, 1997 WL 362260 at *2 FN3 (citing <u>see also</u> <u>Shelvy v. Whitfield</u>, 718 F.2d 441, 444 (D.C. Cir. 1983)("[A] federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner.  Rather, the second sentence runs together with the remainder of the one then being served.").

Petitioner's ultimate argument is that the sentencing judge had the authority to award "an adjustment or departure" for time already served on a preexisting, unrelated, concurrent state sentence under United States Sentencing Guidelines (USGS) § 5G1.3[9].  He also cites <u>Ruggiano v. Reish</u>, 307 F.3d 121 (3rd Cir. 2002)(District court has authority under § 5G1.3 "to adjust a federal sentence for time served on a sentence, in a way that is binding on the BOP-whether called a 'departure' a credit or an 'adjustment.'")[10].  He claims that

---

[9]     A sentence imposed under authority of § 5G1.3 might be referred to as a "retroactively concurrent" sentence.  <u>Ruggiano</u>, 307 F.3d at 128-30.

[10]     Courts have since opined that <u>Ruggiano</u> was abrogated by amendments to the sentencing guidelines.  For example, the Eastern District of California recently held:

Judge Wright actually exercised this authority during sentencing by declaring, "you get credit for that time" in reference to the time in dispute.   Respondent acknowledges that Judge Wright made this remark.   Petitioner contends that his sentence credit should be based upon the actual intent of the sentencing judge as expressed in his oral declaration, and that the BOP's denial of credit for this time is contrary to that intent.   He also argues that the BOP improperly interpreted Judge Wright's oral declaration as a "merely nonbinding recommendation" concerning prior custody credit.

The record before this court does not reflect that Judge Wright granted a downward departure of the term of Mr. Isles' federal sentence for any time already served on his Missouri sentences.   Nor does it show that defendant specifically asked the court to adjust his sentence downward for time served on his pre-existing state sentence.   The record contains no oral or written reference to § 5G1.3 or the sentencing guidelines in general, and no discussion suggesting the sentencing court intended a retroactively concurrent sentence[11].   The written judgment reflects no award of retroactive

---

The commentary to the amended guideline states that "[u]nlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment.   U.S.S.G. § 5G1.3, a.n. 3(E)".   Thus, the Sentencing Commission has rejected the rationale of the holding in Ruggiano.

Johnson v. Wrigley, 2007 WL 3037291, *4 (E.D.Cal. Oct. 17, 2007, unpublished).

[11]    18 U.S.C. USSG, § 5G1.3(c) currently provides:

(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Id.   Subsection (a) of § 5G1.3 provides that the sentence for an instant offense committed while defendant was serving an undischarged term of imprisonment shall be imposed as consecutive.   Subsection (b) provides for a sentence adjustment when the undischarged term of imprisonment "resulted from another offense that is

credit[12].  The sentencing court did not otherwise indicate an intent
to award retroactive credit, as by making an adjustment to Isles'
sentence using the suggested methodology set forth in the
application notes of the Sentencing Guidelines[13].  The few words of
the sentencing judge on which petitioner bases his claim, when
viewed in the context of the entire discussion at sentencing, are
ambiguous at best.  The term of the sentence imposed by Judge Wright
is unambiguous: a "total term of 140 months on Ct. 1 to run
concurrent with" his state sentence.  The phrase "to run concurrent
with" evidences the sentencing court's intent to allow the BOP to
perform its normal calculations for concurrent sentences.
Petitioner does not claim entitlement to presentence credit based on
allegations that his time spent in state custody resulted from the
same offense for which his federal sentence was ultimately imposed.
Nor does he allege that his federal plea agreement, which resulted
in the dismissal of three counts, contained any promise regarding
retroactive prior custody credit.

The court finds that the BOP correctly determined that Mr.

_____

relevant conduct to the instant offense."

[12]    The court notes that in response to a federal inmate's request for a
nunc pro tunc designation and pursuant to its own policy, the BOP may write to a
sentencing judge requesting clarification of the judge's intent with respect to
a sentence.  The letter to the sentencing judge sets forth in detail the
procedural background of the inmate's federal criminal case, including the
language of the judgment and sentence.  It does not appear that this method was
utilized in Mr. Isles' case.

[13]    For example, the "Application Notes" to subsection (b) now provide:

<(C) Imposition of Sentence. – If subsection (b) applies, and the
court adjusts the sentence for a period of time already served, the
court should note on the Judgment in a Criminal Case Order (i) the
applicable subsection (e.g., § 5G1.3(b)); (ii) the amount of time by
which the sentence is being adjusted; (iii) the undischarged term of
imprisonment for which the adjustment is being given; and (iv) that
the sentence imposed is a sentence reduction pursuant to § 5G1.3(b)
for a period of imprisonment that will not be credited by the Bureau
of Prisons.>

Isles began service of his concurrent federal sentence on the date it was imposed, and was not entitled to any additional retroactive credit for time served prior to that date, which was credited to his prior undischarged state sentence. Accordingly, the court concludes that petitioner is not entitled to habeas relief under § 2241.

**IT IS THEREFORE ORDERED that this action is dismissed and all relief is denied.**

DATED: This 15th day of April, 2009, at Topeka, Kansas.


s/RICHARD D. ROGERS
United States District Judge